## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| THE UNITED STATES | ) | |
| for the use and benefit of | ) | civil action no. |
| SEACOAST SCAFFOLD AND | ) | |
| EQUIPMENT CORP. | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CUTTER ENTERPRISES, LLC | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ARCH INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

## COMPLAINT

The plaintiff, Seacoast Scaffold and Equipment Corp. ("Seacoast"), hereby complains against defendants Cutter Enterprises, LLC ("Cutter") and Arch Insurance Company ("Arch") as follows:

1.     This is an action brought pursuant to 40 U.S.C.S. § 3131-33, commonly referred to as the Miller Act (the "Miller Act"), to recover against a labor and material payment bond for work performed by Seacoast for the benefit of the United States of America. Seacoast also asserts several related claims to recover for work performed.

2.     Jurisdiction is conferred on this Court pursuant to 40 U.S.C.S. §§ 3131-33 and pursuant to 28 U.S.C.S. § 1367.

3.      Venue is proper in this jurisdiction based on the location of the project, the requirements of the Miller Act, and 28 U.S.C.S. § 1391.

4.      Seacoast is a Maine corporation with a place of business in South Portland, Maine and Concord, New Hampshire.

5.      Defendant Cutter Enterprises LLC ("Cutter") is a limited liability company with a principal place of business at 105 Industrial Park Road, Vernon, Connecticut 06066.

6.      Defendant Arch Insurance Company ("Arch") is a corporation with a usual place of business at 1601 Cherry Street, 3 Parkway, Suite 1500, Philadelphia, Pennsylvania 19102.

7.      On information and belief, the United States of America ("USA") is the owner of a construction project known as KC46 Hangar Projects Pease ANGB, NH-Project No. W912TF-15-C-0500 located at the former Pease Air Force Base, Portsmouth, New Hampshire (the "Project").

8.      On information and belief, the USA entered into a written contract with Cutter relating to the construction of the Project.

9.      In January 2018, Cutter entered into a written contract with Seacoast in which Seacoast agreed to furnish scaffolding with tarps ("Scaffolding") to the Project in the original amount of $189,115 (the "Contract").

10.     Arch, as surety, and Cutter, as principal, executed a Payment Bond for the Project dated July in the amount of $31,594,700.00.   The number identifying said bond is SU1123762-0000 ("the Bond").

COUNT ONE
(MILLER ACT)

11.     Seacoast entered into the Contract to the Scaffolding to the Project for the ultimate use and benefit of the USA.

12.     Seacoast performed all of its obligations under the Contract.

13.     Cutter has failed and refused to pay the sum of $77,975.76 for the Scaffolding furnished by Seacoast in accordance with the Contract.

14.     Seacoast is an intended beneficiary of the Bond.

15.     Seacoast performed all conditions precedent to filing and otherwise perfecting a claim against the Bond, including giving due notice and demand of its claim by a letter dated September 7, 2018.

16.     Seacoast is entitled to the benefit of the Bond.

17.     Despite Seacoast's rights under the Bond and its demand for payment in the amount of $77,975.76, Arch, as surety, and Cutter, as principal, have failed to make payment to Seacoast.

THEREFORE, the Plaintiff, Seacoast Scaffold and Equipment Corp. requests that this Honorable Court enter judgment against Arch Insurance Company and Cutter Enterprises, LLC, jointly and severally, in the amount of $77,975.76 together with pre-judgment interest, costs, and any other and further relief this Court deems just and proper under the circumstances and applicable law.

## COUNT TWO
## (BREACH OF CONTRACT)

18.     The Contract was amended by Cutter and Seacoast, which revised the ultimate contract price to $214,486.01.

19.     Seacoast furnished the Scaffolding in accordance with the Contract.

20.     To date, payment of $136,510.25 has been made to Seacoast, leaving a balance due in the amount of $77,975.76.

21.     The failure of Cutter to make payment to Seacoast in the amount of $77,975.76 is a material breach of the Contract.

THEREFORE, the Plaintiff, Seacoast Scaffold and Equipment Corp. requests that this Honorable Court enter judgment against Cutter Enterprises, LLC in the amount of $77,975.76 together with pre-judgment interest, costs, and any other and further relief this Court deems just and proper under the circumstances and applicable law.

## COUNT THREE
## (QUANTUM MERUIT)

22.     Seacoast furnished the Scaffolding to the Project at the request of Cutter.

23.     The fair market value of that material was $214,486.01.

24.     Cutter accepted the benefit of the Scaffolding with the knowledge that Seacoast expected payment for the fair and reasonable value of such material.

4

25.    Despite repeated demand by Seacoast, Cutter has paid only $136,510.25, leaving a balance due of $77,975.76.

THEREFORE, the Plaintiff, Seacoast Scaffold and Equipment Corp. requests that this Honorable Court enter judgment against Arch Insurance Company and Cutter Enterprises, LLC, jointly and severally, in the amount of $77,975.76 together with pre-judgment interest, costs, and any other and further relief this Court deems just and proper under the circumstances and applicable law.

Dated: May 2, 2019                     Seacoast Scaffolding and Equipment Corp.


By its attorneys,

/s/ Jennifer A.W. Rush
Jennifer A.W. Rush


Norman, Hanson & DeTroy, LLC
P.O. Box 4600
Portland, ME   04112-4600
Tel. (207) 774-7000
jrush@nhdlaw.com

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

The United States for the use and benefit of Seacoast Scaffold and Equipment Corp.

## DEFENDANTS

Cutter Enterprises, LLC
Arch Insurance Company

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jennifer A.W. Rush
Norman, Hanson & DeTroy, LLC
P.O. Box 4600
Portland, ME 04112-4600
(207) 774-7000

Attorneys *(If Known)* (Arch Ins. Co.)
Bradford R. Carver
Watt, Tieder, Hoffar & Fitzgerald, L.L.P.
175 Federal Street, Suite 1225 | Boston, MA 02110
(857) 504-1144

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [X] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | **PERSONAL INJURY** | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 365 Personal Injury - Product Liability | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | [ ] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 890 Other Statutory Actions |
| | | | [ ] 790 Other Labor Litigation | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | |
| | | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | |
| | | [ ] 555 Prison Condition | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 40 U.S.C.S. 3131-33

Brief description of cause: Miller Act bond claim and breach of contract

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 77,975.76

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE May 2, 2019

SIGNATURE OF ATTORNEY OF RECORD /s/ Jennifer A.W. Rush

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| *Plaintiff(s)* | | |
| v. | | Civil Action No. |
| _____ | | |
| *Defendant(s)* | | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                  *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: